UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Gillyard, Jr., | ) C/A No. 4:12-3050-JMC-TER |
|                         Plaintiff, | ) |
| vs. | ) |
| Allendale Correctional Institution; | ) |
| South Carolina Department of Corrections; | ) |
| John R. Pate; | )  Report and Recommendation |
| Ms. Derrick; | ) |
| William Byars; | ) |
| D. Patterson; | ) |
| P. Smith; | ) |
| K. Newton; | ) |
| W. Worrock; | ) |
| R. Grimes; | ) |
| S. R. Behlin; | ) |
| H. Rich; | ) |
| J. Bartley; | ) |
| L. Morris; | ) |
| Dr. Byrne, | ) |
|                         Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at Allendale Correctional Institution, ("ACI"), alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to a district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

Factual and Procedural Background

Plaintiff filed a complaint alleging that he slipped in water on May 23, 2012, while "going to the shower" and injured his left wrist and back. ECF No. 1, page 3. Officers placed Plaintiff on

a stretcher and moved him to a holding cell, where he was examined by defendant Nurse Derrick the next day. *Id.* The complaint indicates that defendant Derrick determined that Plaintiff did not need to see a doctor because he "had no injuries or back spasms and [could] walk with no difficulty." *Id.* Plaintiff states that he was provided pain medication, but continued to experience pain in his wrist and lower back. *Id.* Thus, Plaintiff sent a "request to staff" to defendant Dr. Byrne on June 4, 2012. *Id.* Defendant Byrne allegedly indicated that Plaintiff did not need to see a "back specialist" and further informed Plaintiff, on June 15, 2012, that he should sign up for sick call if he wanted additional medical attention. *Id.* at 3–4. The complaint names defendant Warden Pate for failing to stop the water leak, or post warning signs near the shower area. *Id.* at 4. Plaintiff seeks medical treatment and monetary damages. *Id.* at 5.

Plaintiff filed an amended complaint, adding several defendants to this action. ECF No. 17. The amended pleading indicates that Officer H. Rich and Officer J. Bartley escorted Plaintiff to the shower "when there was water leaking from the above shower pipes." *Id.* at 1. Plaintiff further claims that: (1) defendant Newton "should have had knowledge that water leaks on the B-wing of SMU;" (2) defendant Patterson should have provided more funding for plumbing and medical care; and (3) defendant Byars is liable for the "negligence . . . done to [Plaintiff] by every defendant mentioned above." ECF No. 17 at 2–3. Defendant Behlin is named for failing to have "officers or inmate workers" clean up the wet floor and defendant Morris is named for failing to remedy the problem. *Id.* at 2. Plaintiff names defendant Grimes for failing to do a "work order" to have the water leak fixed, and defendant Worrock for allegedly failing to inspect "his area." *Id.* The amended complaint claims that defendant Pate did not respond to Plaintiff's "request for help," and that defendants Byrne, and Derrick refused to let Plaintiff see a "specialist." *Id.* at 3–4. Defendant

P. Smith is listed as an "Inmate Grievance Clerk" responsible for investigating and recommending denial of Plaintiff's grievances. *Id.* at 4. The amended complaint seeks injunctive relief and monetary damages. *Id.* at 5.

## Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, it appears that Plaintiff filed this case prematurely, before fully exhausting the South Carolina Department of Corrections' ("SCDC") administrative remedy process. ECF No. 1 at 2; ECF No. 14. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not

4

a jurisdictional infirmity. *Jones v. Bock,* 549 U.S. 199 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006). In the present action, Plaintiff initially filed a grievance concerning the issues raised in the pleadings on June 1, 2012. ECF No. 1 at 2. Plaintiff states that SCDC denied the initial grievance and provided Plaintiff "the right to appeal to step 2 on or by 9-7-12." ECF No. 14 at 1. Plaintiff claims that SCDC has failed to timely process or respond to the Step Two grievance. *Id.* at 2. Because it is clear from the face of the complaint that Plaintiff signed the pleading on October 16, 2012, less than forty days after the filing his Step Two grievance, ECF No. 1 at 5, this case is subject to summary dismissal for lack of exhaustion.

However, the instant action would be subject to summary dismissal in any event. First, SCDC is protected from Plaintiff's claims by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities, such as defendant SCDC. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state,

neither of those exceptions apply in the instant case.[1] Because the South Carolina Department of Corrections is protected from Plaintiff's claims by the Eleventh Amendment, this defendant should be summarily dismissed from this case.

Plaintiff also names Allendale Correctional Institution ("ACI") as a defendant in this case. However, Plaintiffs claims against the institution are subject to summary dismissal, because ACI is not a "person" amenable to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Next, the complaint alleges that several of the defendants were deliberately indifferent to Plaintiff's safety. Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994). In *Grayson v. Peed*, the Fourth Circuit Court of Appeals stated, "the Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999). The pleadings *sub judice*, allege that defendants Pate, Byars, Patterson, Newton, Worrock, Grimes, Behlin, Rich, Bartley, and Morris contributed to Plaintiff's accident by failing to properly perform their job duties. Specifically, Plaintiff claims that these

---

[1] Congress has not abrogated the states' sovereign immunity under 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further the state of South Carolina has not consented to suit in federal district court. *See* S.C. Code Ann § 15-78-20(e).

defendants neglected to timely fix the water leak, clean up the leaking water, or warn Plaintiff about the leaking water pipes. ECF No. 17 at 1–3. However, the complaint fails to demonstrate a "deliberate or callous indifference" on the part of the prison officials to Plaintiff's safety. *Pressley v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). As such, Plaintiff's allegations do not rise to the level of deliberate indifference. To the extent Plaintiff claims that the defendants actions constitute negligence, ECF No. 17 at 1, the law is well-settled that such a claim is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Plaintiff also names several of the defendants as supervisors at SCDC. However, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior, *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999), and Plaintiff fails to show that the supervisory employees were deliberately indifferent to any risk of constitutional injury to Plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Therefore, defendants Pate, Byars, Patterson, Newton, Worrock, Grimes, Behlin, Rich, Bartley, and Morris are entitled so summary dismissal from this case.

Plaintiff also alleges deliberate indifference to his medical needs by defendants Derrick and Byrne. ECF No. 1 at 3–4; ECF No. 17 at 3–4. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) (deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm.") (citation omitted). Furthermore, in *Miltier v. Beorn*, the Fourth Circuit noted that the medical treatment at issue "must be so grossly

incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) (citation omitted). In the present action, Plaintiff complains that he has not been allowed to see a "back specialist." ECF No. 1 at 3; ECF No. 17 at 4. However, Plaintiff indicates that he has been examined by defendant Derrick, consulted with defendant Byrne, and provided pain medication. ECF No. 1 at 3. Thus, Plaintiff's allegations regarding the deprivation of medical treatment fail to demonstrate deliberate indifference to a serious medical need. Plaintiff further alleges negligence and medical malpractice against defendants Byrne and Derrick, ECF No. 17 at 4. As indicated above, such claims are not cognizable under § 1983. *See Blevens v. Horry County*, 2012 WL 5990105, C/A No. 4:11-3267-RBH-TER at *5 (D.S.C. Oct. 31, 2012) ("incorrect medical treatment, such as an incorrect diagnosis, is not actionable under § 1983") (citing *Estelle*, 429 U.S. at 106). Therefore, defendants Derrick and Byrne should also be summarily dismissed from this case.

Finally, Plaintiff's amended complaint alleges that defendant P. Smith, Inmate Grievance Clerk, should be held liable under § 1983, "because she is the one that investigate[s] the grievance and recommends that it be denied." ECF No. 17, page 4. The amended complaint also claims that defendant Pate denied Plaintiff's grievances regarding the alleged lack of medical care, *id*, and refused to respond to Plaintiff's requests to staff. *Id.* at 3. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D.

8

Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, Plaintiff's claims against defendants Smith and Pate, for actions associated with the investigation and denial of Plaintiff's grievances, are not cognizable under 42 U.S.C. § 1983.[2]

## Conclusion

Accordingly, it is recommended that the case be dismissed, *without prejudice* and without issuance and service of process.

IT IS SO RECOMMENDED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 21, 2013
Florence, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).