# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| David Gillyard, Jr.,                           ) | |
|                                    ) | Civil Action No. 4:12-cv-03050-JMC |
|               Plaintiff,               ) | |
|                                    ) | |
|              v.                          ) | **ORDER AND OPINION** |
|                                    ) | |
| Allendale Correctional Institution, South  ) | |
| Carolina Department of Corrections, John  ) | |
| R. Pate, Ms. Derrick, William Byars, D.    ) | |
| Patterson, P. Smith, K. Newton, W.         ) | |
| Worrock, R. Grimes, S.R. Behlin, H. Rich, ) | |
| J. Bartley, L. Morris, Dr. Byrne,             ) | |
|                                    ) | |
|               Defendants.          ) | |
| _____) | |

Plaintiff David Gillyard, Jr., ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference and deliberate indifference to a serious medical need in violation of the Eighth and Fourteenth Amendments of the United States Constitution by Defendants Allendale Correctional Institution, South Carolina Department of Corrections, John R. Pate, Ms. Derrick, William Byars, D. Patterson, P. Smith, K. Newton, W. Worrock, R. Grimes, S.R. Behlin, H. Rich, J. Bartley, L. Morris, and Dr. Byrne (collectively "Defendants"). (ECF Nos. 1, 17.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling. On February 21, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the action. (ECF No. 24.) This review considers Plaintiff's Objections to Magistrate's Report and Recommendation ("Objections"), filed March 6, 2013. (ECF No. 26.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The

court thereby **DISMISSES** this action (ECF Nos. 1, 17) without prejudice and without issuance and service of process.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts are discussed in the Report. (*See* ECF No. 24.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff, an inmate at Allendale Correctional Institution within the South Carolina Department of Corrections, alleges that on May 23, 2012, while on the way to take a shower, he slipped on some water from a leak and injured his back and wrist. (ECF No. 1 at 3.) On October 24, 2012, Plaintiff filed his complaint against Defendants Pate, Derrick, and Byrne, seeking "proper medical treatment" and "proper compensation for [Plaintiff's] pain and suffering." (ECF No. 1 at 5.) Plaintiff amended his complaint on December 14, 2012, adding the remaining Defendants and seeking "injunction or declaratory judgments for defendants to pay [Plaintiff's] medical bills and for them to have [Plaintiff] sent to a specialist" and "to be compensated monetarily [*sic*] for the claims and violations of the 8th and 14th Amends of the U.S. Const., deliberate indifference, medical malpractice, gross negligence, and for the amount of two-hundred [*sic*] and fifty-thousand dollars for each defendant." (ECF No. 17 at 5.)

On February 21, 2013, the Magistrate Judge issued the Report recommending the court summarily dismiss the action without prejudice and without issuance and service of process. (ECF No. 24.) As an initial matter, the Magistrate Judge found that Plaintiff's case is barred because he filed his complaint before fully exhausting his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (*Id.* at 4-5.) Further, the Magistrate

Judge found that the complaint is subject to summary dismissal on other grounds. First, the Magistrate Judge found that suit against the South Carolina Department of Corrections is barred under the Eleventh Amendment. (*Id.* at 5.) In addition, the Magistrate Judge noted that the Allendale Correctional Institution could not be sued, as it is not a "person" under § 1983. (*Id.* at 6.) For the remaining Defendants, the Magistrate Judge found that Plaintiff has failed to demonstrate deliberate indifference to Plaintiff's safety or, in the case of Defendants Derrick and Byrne, a deliberate indifference to Plaintiff's medical needs. (*Id.* at 7-8.) Additionally, the Magistrate Judge noted that claims of negligence and medical malpractice are not cognizable under § 1983. (*Id.* at 8.) Finally, the Magistrate Judge found that Plaintiff's claims against Defendants Smith and Pate for denying Plaintiff's grievances are also not cognizable under § 1983, as inmates have no constitutionally protected right to a grievance procedure. (*Id.* at 8-9.)

Plaintiff timely filed his Objections on March 6, 2013. (ECF No. 26.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely

3

filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Under 28 U.S.C. § 1915, an indigent litigant may file a lawsuit in federal court without prepaying the administrative costs.  To prevent litigants from abusing this privilege, a district court may dismiss the case upon a finding that the action is frivolous or malicious or that it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A meritless claim may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Allison v. Kyle,* 66 F.3d 71, 73 (5th Cir. 1995).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

In his Objections, Plaintiff acknowledges he has not yet exhausted his administrative remedies, stating "his intention to refile this suit against Defendants Byrne and Derrick *once he has exhausted his grievance* when receiving step 2."  (ECF No. 26 at 8 (emphasis added).)  In a letter to the court dated June 19, 2013, Plaintiff noted he has "new information about the delay in

4

response to my step 2 grievance," however, he does not allege the grievance process had been exhausted at that point, nor does he provide any documentation to that effect. (ECF No. 30.) As such, Plaintiff's suit was prematurely filed.

However, even if Plaintiff can show his administrative remedies have since been exhausted, this court agrees with the Magistrate Judge that summary dismissal is appropriate. Plaintiff asserts in his Objections that "this case goes beyond gross negligence" (ECF No. 26 at 2), but still fails to allege facts to establish as such. Further, Plaintiff's allegations fall short of establishing that he has a "serious medical need." Plaintiff cites to *Johnson v. Busby,* 953 F.2d 349 (8th Cir. 1991) to define this: a serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." 953 F.2d at 351. Although Plaintiff indicates he "couldn't walk or move" immediately after his fall (ECF No. 1 at 3), and requests treatment "needed to help me from walking on a cane before [he is] 65 yrs old" (ECF No. 17 at 5), Plaintiff provides few details of his injury other than to assert that pain returns despite the pain medication he has been provided. In the cases Plaintiff cites in his Objections, the medical conditions of the prisoners involved rise to much higher levels of need than Plaintiff alleges in his complaint: *Baumann v. Walsh,* 36 F. Supp. 2d 508 (N.D.N.Y. 1999) (Prisoner sought medical attention "no less than 27 times" and medical personnel categorized his injury as "degenerative."); *Chance v. Armstrong,* 143 F.3d 698 (2d Cir. 1998) (Prisoner was in "great pain" due dental issues for at least six months and had trouble chewing properly, causing him to choke on his food, and lost three teeth due to inadequate treatment.); *Hathaway v. Coughlin,* 37 F.3d 63 (2d Cir. 1994) (Prisoner had a "degenerative hip condition" requiring corrective surgery and continued to

experience "great pain" even after surgery and had difficulty walking.).  As alleged in his complaint, Plaintiff's injury simply does not rise to the level of a "serious medical need."

Even assuming Plaintiff's allegations of the severity and persistence of his injury are true, he does not allege facts sufficient to establish the Defendants were deliberately indifferent to his medical needs.  Plaintiff emphasizes that his multiple complaints about continued pain and allegations that the treatment he was given was not working establish that Defendants Byrne and Derrick were deliberately indifferent to his needs, and argues that courts have found defendants liable for refusing treatment.  (ECF No. 26 at 2-7.)  Far from establishing a refusal to treat, however, Plaintiff's complaint and amended complaint show that Plaintiff received medical attention on multiple occasions and that he received medication for his pain.  (*See* ECF No. 1, 17.)  Plaintiff's allegations show not that he was refused treatment, but simply that he did not receive the treatment he preferred.  "The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation." *Sharpe v. South Carolina Dept. of Corrections,* Civil Action No. 4:13–cv–1538–DCN, 2014 WL 4793829, at *7 (D.S.C. September 25, 2014) (citing *Wright v. Moore,* No. 8:12–cv–1456, 2013 WL 4522903, at * 6 (D.S.C. Aug. 26, 2013)).

Plaintiff also argues that the Magistrate Judge "applied the wrong interpretation of *Estelle [v. Gamble],*" 429 U.S. 97 (1976), as it "applies to serious medical needs to establish deliberate indifference."  (ECF No. 26 at 8.)  Plaintiff does not specify precisely how the standard was misapplied, however, and a review of the Magistrate Judge's application of *Estelle* reveals no clear error.

Plaintiff further alleges that Defendant Derrick "has a history of falsifying her pseudo diagnosis of inmates medical injuries" and "simply did not do her job by merely saying nothing

6

was wrong with plaintiff before even examining him." (*Id.* at 2, 7.) Plaintiff offers no supporting facts to back up such assertions, and in fact, in his complaint indicates that the day after his fall "Nurse Derrick seen me cause of my accident," without any mention of a failure on Defendant Derrick's part to examine Plaintiff to assess his injuries. (ECF No. 1 at 3.)

As such, Plaintiff cannot establish a cause of action under § 1983, and summary dismissal is appropriate. Inasmuch as Plaintiff may be able to establish a claim of negligence or medical malpractice, or any other state claims, the court declines to exercise supplemental jurisdiction over those claims.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 24). It is therefore ordered that this action (ECF Nos. 1, 17) is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 3, 2014
Columbia, South Carolina